Mark M. Kovacich
KOVACICH SNIPES JOHNSON, P.C.
P.O. Box 2325
Great Falls, MT  59403
(406) 761-5595
mark@mttriallawyers.com

Paul D. Odegaard
ODEGAARD MILLER LAW, PLLC
1601 Lewis Avenue, Suite 101
Billings, MT 59102
(406) 259-2222
paul@mtlawyers.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

_____

| | | |
|---|---|---|
| ALBERT BEARDSLEY, | ) | CAUSE NO. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT AND JURY** |
| | ) | **DEMAND** |
| MOTION AND FLOW CONTROL | ) | |
| PRODUCTS, INC.; and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

_____

COMES NOW Plaintiff, demanding trial by jury, and for his complaint against

the Defendants, alleges as follows:

## PARTIES

### 1.

Plaintiff, Albert Beardsley, is a citizen of the United States and the State of Montana, and a resident of Lincoln County, Montana.

### 2.

Defendant Motion and Flow Control Products, Inc. (MFCP), is a for profit corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Colorado. MFCP conducts the business of manufacturing, assembling, and selling hydraulic and industrial hoses and fittings in the State of Montana. MFCP's agent for service of process is located in Missoula County, Montana.

### 3.

The true names and capacities of the Defendants named herein as Does 1-10 are unknown to Plaintiff, who therefore brings this action against said Defendants by such fictitious names. Plaintiff will seek leave to amend the Complaint to state the true names and capacities of Does 1-10 when the same have been ascertained, together with further appropriate charging allegations. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were caused by said Defendants' acts or omissions.

Defendant Does 1-10 are natural persons, corporations, partnerships, joint ventures, or other legal entities who negligently and/or unlawfully caused or contributed to Plaintiff's damages as herein alleged.

## JURISDICTION AND VENUE

### 4.

This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a), because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000, exclusive of interest and costs.

### 5.

Plaintiff is a citizen of Montana, and MFCP is a citizen of Delaware and Colorado.

### 6.

Plaintiff seeks damages which substantially exceed $75,000.

### 7.

Venue is proper in the Missoula division of this Court because MFCP is a corporation incorporated in a State other than Montana, and MFCP's registered agent for service of process is located in Missoula County. Venue is also proper in the Missoula division of this Court because Plaintiff resides in Lincoln County, within the Missoula division.

## GENERAL ALLEGATIONS

### 8.

In 2017, Plaintiff was employed as a hot oiler operator by TNT Well Servicing (TNT) in Sidney, Montana.

### 9.

In August, 2017, the hot oil unit Plaintiff typically operated for TNT required a new fitting for a high pressure hose.  TNT purchased a Parker 71 series fitting from MFCP at its store located in Sidney, Montana.  On August 31, 2017, MFCP manufactured a connection between the fitting and a Parker high pressure hose on TNT's hot oil unit.  The hose and fitting were rated to withstand at least 2,250 pounds per square inch of pressure.

### 10.

On December 10, 2017, Plaintiff utilized the hot oil unit to provide hot oil treatment on a well owned by one of TNT's customers.  The Parker fitting installed by MFCP was connected to the well, and Plaintiff operated the unit to pump hot water and hot oil into the well, in an effort to remove paraffin from the well equipment. While operating the unit, Plaintiff increased the pressure in the hose to 1,800 pounds per square inch after which the hose came disconnected from the fitting, causing a catastrophic fire.

**11.**

As a result of the failure of the fitting to maintain connection with the hose, and the ensuing fire, Plaintiff suffered serious and permanent injuries as herein alleged.

**12.**

Each act of negligence or wrongful conduct alleged herein was committed by an employee or agent of MFCP, who was acting within the course and scope of his or her employment or agency with MFCP, and in furtherance of the business interests of MFCP, and each negligent or wrongful act or omission alleged herein is imputable to MFCP.

## FIRST CAUSE OF ACTION

### (Negligence of MFCP)

**13.**

Plaintiff realleges paragraphs 1 through 12 above as paragraphs 1 through 12 of this First Cause of Action.

**14.**

MFCP had a duty to exercise reasonable care in the manner in which it installed the Parker 71 series fitting on the Parker hose on TNT's hot oil unit. MFCP's duty included the duty to exercise care for the safety of others, including Plaintiff.

## 15.

MFCP breached its duty by the manner in which it installed the fitting on the hose.  MFCP's negligence, in addition to that herein alleged, consisted of:

A.   Failing to properly and fully insert the hose into the fitting before crimping the fitting on the hose;

B.   Failing to inspect or test the connection of the fitting to the hose after the installation, to ensure the installation was properly and safely performed;

C.   Failing to provide and/or require the use of devices or procedures which could have ensured proper installation of the fitting and prevented Plaintiff's injuries;

D.   Failing to properly train employees charged with assembling high pressure fluid equipment capable of causing disastrous harm, including catastrophic injury and death, when not properly assembled;

E.   Failing to properly supervise employees charged with assembling high pressure fluid equipment; and,

F.   Violating applicable safety laws, regulations, internal rules and procedures, manufacturers instructions and standards, and applicable industry standards.

**16.**

As a result of MFCP's negligence, Plaintiff suffered serious and permanent injuries and damages as herein alleged.

## SECOND CAUSE OF ACTION

### (Strict Liability)

**17.**

Plaintiff realleges paragraphs 1 through 16 above as paragraphs 1 through 16 of this Second Cause of Action.

**18.**

At the time it sold the connected fitting to TNT, MFCP was in the business of selling high pressure hoses and fittings, and was also in the business of manufacturing connected fittings on high pressure fluid equipment. On or around August 31, 2017, MFCP manufactured the connected fitting and sold the fitting with the connection to TNT.

**19.**

MFCP expected the connected fitting it sold to TNT to reach TNT and its employees, including Plaintiff, without substantial change in the condition in which it was sold. The connected fitting did reach TNT and Plaintiff without change in the condition in which it was sold. By placing the connected fitting upon the market,

MFCP represented the product was safe and could be used safely for its intended purpose.

## 20.

The connected fitting MFCP sold to TNT, for use by Plaintiff and others, was in a defective condition and unreasonably dangerous to Plaintiff and other users of the product. The connected fitting was unreasonably dangerous and defective based on the manner in which MFCP manufactured the connection of the fitting to the hose.

## 21.

As a result of the defects and the unreasonably dangerous nature of the product MFCP sold to TNT for Plaintiff's use, Plaintiff suffered serious and permanent injuries and damages as herein alleged.

## THIRD CAUSE OF ACTION

### (Breach of Warranty)

## 22.

Plaintiff realleges paragraphs 1 through 21 above as paragraphs 1 through 21 of this Third Cause of Action.

## 23.

By distributing, selling, and installing the Parker 71 series fitting, MFCP warranted that the fitting and installation were merchantable and reasonably fit and suitable for their intended purpose and ordinary use. Plaintiff and others relied upon

the skill and judgment of MFCP and its agents and employees, to ensure the fitting, as installed on the hot oil unit, was safe for normal use.

## 24.

At the time of distribution, placement in the stream of commerce, and sale of the fitting with installation by MFCP, the fitting, as installed, was not merchantable and not suitable and reasonably fit for its general purpose and intended use.

## 25.

As a result of MFCP's breach of warranty, Plaintiff suffered serious and permanent injuries and damages as herein alleged.

## **DAMAGES**

## 26.

As a result of MFCP's negligence, manufacture and sale of a defective and unreasonably dangerous product, breach of warranty, and unlawful and wrongful conduct as herein alleged, Plaintiff suffered serious and permanent injuries, including second and third degree burns to his head, face, chest, back, arms, abdomen, and legs. The burns covered approximately half of his body surface and have required extensive treatment, including reconstruction on his head, face, and other body parts.

## 27.

As a result of MFCP's negligence, manufacture and sale of a defective and unreasonably dangerous product, breach of warranty, and unlawful and wrongful

conduct as herein alleged, Plaintiff has incurred and will continue to incur substantial medical expenses; he has experienced and will continue to experience physical and mental pain and suffering; he has suffered and will continue to suffer a loss of his personal services; he has suffered and will continue to suffer lost earnings and loss of earning capacity; and he has suffered and will continue to suffer a loss of his established course of life.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against MFCP as follows:

1.      For reasonable compensation for past and future medical and related expenses;

2.      For reasonable compensation for Plaintiff's physical and mental pain and suffering;

3.      For reasonable compensation for Plaintiff's loss of enjoyment of established course and way of life;

4.      For reasonable compensation for Plaintiff's loss of personal services;

5.      For reasonable compensation for Plaintiff's past and future loss of earnings and earning capacity;

6.      For costs and disbursements incurred herein; and,

7.      For such other and further relief as the Court may deem just.

DATED this 25th day of October, 2019.

                                    KOVACICH SNIPES JOHNSON, P.C.
                                    and
                                    ODEGAARD MILLER LAW, PLLC

                                    By:___/s/ Mark M. Kovacich_____
                                            Mark M. Kovacich
                                            P.O. Box 2325
                                            Great Falls, MT  59403
                                            Attorneys for Plaintiff